```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                                    :
TROY CONOVER,                       :
                                    :   Civil Action No. 09-827 (MLC)
              Petitioner,           :
                                    :            OPINION
     v.                             :
                                    :
EDMOND C. CICCHI,                   :
                                    :
              Respondent.           :
                                    :
```

**APPEARANCES:**

    TROY CONOVER, #35454, Petitioner <u>Pro</u> <u>Se</u>
    Middlesex County Adult Correction Center, P.O. Box 266
    New Brunswick, New Jersey 08903

**COOPER**, District Judge

    Troy Conover, a prisoner incarcerated at Middlesex County Adult Correction Center, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction entered in the Superior Court of New Jersey, Middlesex County, on September 28, 1998. For the reasons expressed below, and because the Petition, as drafted and read in light of the pertinent state court decisions, shows that Petitioner's claims are time-barred, the Court will dismiss the Petition as untimely and deny a certificate of appealability.

## I. BACKGROUND

    Petitioner challenges a judgment of conviction entered in state court on September 28, 1998, based on his plea of guilt to first-degree aggravated sexual assault, N.J.S.A. § 2C:14-2(a), third-degree burglary, N.J.S.A. § 2C:18-2, and second-degree sexual assault, N.J.S.A. § 2C:14-2(c). (Pet. ¶¶ 1-6.) <u>See</u> <u>State</u>

v. Conover, 2008 WL 2229210 (N.J. App. Div., June 2, 2008). After denying Petitioner's motion to withdraw the plea, the trial court imposed an aggregate nine-year prison sentence. Id. The Appellate Division affirmed on or about June 22, 1999. Id.

Petitioner petitioned for post-conviction relief in early 2004. The trial court denied relief on or about September 19, 2005, and Petitioner appealed, arguing that trial counsel was constitutionally ineffective during plea negotiations, resulting in his unknowing guilty plea, and appellate counsel was deficient in failing to challenge the denial of Petitioner's request to withdraw the guilty plea. See Conover, 2008 WL 2229210, at *1. On June 2, 2008, the Appellate Division affirmed for the reasons expressed by the trial court in the oral opinion of September 19, 2005, but noted that appellate counsel had in fact challenged the denial of the request to withdraw the plea. Id. On October 22, 2008, the New Jersey Supreme Court denied certification. See State v. Conover, 196 N.J. 598 (2008) (table).

According to the New Jersey Department of Corrections, the Petitioner was released from custody on February 5, 2008, upon the expiration of a one-year and three-month sentence imposed for violation of lifetime parole supervision, pursuant to N.J.S.A. § 2C:43-6.4. See www.state.nj.us/corrections (offender search).

Petitioner is presumably confined in the county jail on one or more new charges.[1]

Petitioner executed this § 2254 Petition February 17, 2009 — which the Clerk received on February 23, 2009 — and argues:

> Ground One: INEFFECTIVE ASSISTANCE OF COUNSEL OF TRIAL ATTORNEY AND PCR ATTORNEY.
>
> Ground Two: DEFENDANT MADE A OPEN COURT REQUEST TO WITHDRAW HIS PLEA TO JUDGE BARNETT HOFFMAN WHICH WAS DENIED THUS JUDGE HOFFMAN MISTAKENLY EXERCISED HIS DISCRETION THAT DENIED THE DEFENDANT HIS RIGHT TO TRIAL.
>
> Ground Three: I WAS DENIED MY SIXTH AMENDMENT RIGHT TO CONFRONT WITNESSES AGAINST ME BECAUSE RICHARD P. KLEIN STATED THAT KNOW ONE WOULD ALLOW ME TO CONFRONT THE WITNESSES (VICTIMS).

(Pet. ¶ 12.)

## II.   DISCUSSION

**A.   Standard of Review**

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the

---

[1] This statute requires "a judge imposing sentence on a person who has been convicted of aggravated sexual assault [or] sexual assault [to] include, in addition to any sentence authorized by this Code, a special sentence of parole supervision for life [which] shall commence immediately upon the defendant's release from incarceration." N.J.S.A. § 2C:43-6.4(a), (b). The statute expressly provides that "[p]ersons serving a special sentence of parole supervision for life shall remain in the legal custody of the Commissioner of Corrections, shall be supervised by the Division of parole of the State Parole Board . . . , and shall be subject to conditions appropriate to protect the public and foster rehabilitation." N.J.S.A. § 2C:43-6.4(b). As Petitioner continues to serve the lifetime parole supervision portion of the sentence, the Court presumes that Petitioner satisfies the "in custody" requirement as to challenging that conviction. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989).

grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the state court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985); see McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

The pleading requirements under the Habeas Rules are as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957).  Habeas Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus

> Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

**B.   Statute of Limitations**

The Court will first determine whether the Petition — using the relevant state court decisions that are electronically available — is time-barred. See Day v. McDonough, 547 U.S. 198, 209 (2006) ("district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"); Kilgore v. Att'y Gen. of Colo., 519 F. 3d 1084, 1089 (10th Cir. 2008) (court may not sua sponte dismiss § 2254 petition as time-barred on ground that it lacks sufficient information to establish timeliness, but may do so where untimeliness is clear from face of petition or pled as affirmative defense); Long v. Wilson, 393 F.3d 390, 402-03 (3d Cir. 2004) (court may examine timeliness of petition for writ of habeas corpus sua sponte).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling under the following circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Id. at 8-9 (citations omitted); see Allen v. Siebert, 128 S.Ct. 2 (2007) (petition for state post-conviction relief rejected by state court as untimely is not "properly filed" under § 2244(d)(2), whether statute of limitations is jurisdictional or affirmative defense). A post-conviction relief application is pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007).[2]

---

[2] A petitioner's properly filed motion for discretionary reduction of the sentence, which does not challenge the lawfulness of the sentence, also does not result in statutory tolling. See Hartmann v. Carroll, 492 F. 3d 478 (3d Cir. 2007).

The AEDPA statute of limitations is also subject to equitable tolling.  See Miller, 145 F.3d at 618.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).

Extraordinary circumstances can be found where a petitioner has (1) been actively misled by a respondent, (2) been prevented from asserting rights in an extraordinary way, (3) timely asserted rights mistakenly in the wrong forum, see Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999), or (4) been misled by a court on the steps to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where there are extraordinary circumstances, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore

did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003).[3]

The applicable limitations provision is § 2244(d)(1)(A) here. The Appellate Division affirmed Petitioner's conviction and sentence on or about June 22, 1999. See State v. Conover, 2008 WL 2229210 at *1. The judgment became final 20 days later on July 13, 1999, the date on which the time for filing a petition for certification to review the judgment of the Appellate Division expired. See N.J.Ct.R. 2:12-3(a); see also Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). Absent statutory or equitable tolling, the limitations period expired 365 days later on July 12, 2000. See Wilson v. Beard, 426 F.3d 653, 663 (3d Cir. 2005).

Statutory tolling is not available. Petitioner did not file his state petition for post-conviction relief until early 2004, more than three years after the statute of limitations expired. See Long, 393 F.3d at 394-95 (state post-conviction review

---

[3] The court in Urcinoli v. Cathel, 546 F.3d 269 (3d Cir. 2008) held that equitable tolling was warranted where the district court's sua sponte dismissal of the first § 2254 petition as mixed (which occurred after the one year limitations period had expired), prevented the petitioner in an extraordinary way from pursuing exhausted claims, since the petitioner was not given the option of proceeding only on the exhausted claims. Similarly, the court in Taylor v. Horn, 504 F.3d 416, 426-27 (3d Cir. 2007), affirmed the district court's ruling that, where the district court declined to stay a mixed § 2254 petition but noted that the filing of an exhausted petition would relate back under Federal Rule of Civil Procedure 15(c), equitable tolling was warranted.

petition had no effect on tolling because limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

As to equitable tolling, Petitioner — although invited to do so — has presented no extraordinary circumstances preventing him from pursuing his claims.  The form § 2254 petition used by Petitioner states in paragraph 18: "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain [why] the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition."  (Pet. ¶ 18.)  Section 2244(d) is set forth in full in a footnote to this paragraph.  But the space provided on the form for Petitioner's explanation is blank.  Thus, although invited to explain why the Petition is timely, Petitioner presents no extraordinary circumstances warranting equitable tolling.[4]

Petitioner also has not exercised diligence in pursuing his rights.  He did not pursue post-conviction relief until over five years after his conviction became final.  And he did not file the § 2254 Petition until almost four months after the New Jersey Supreme Court denied certification and his post-conviction relief

---

[4] Although Petitioner claims in Ground One that post-conviction relief counsel failed to consult with him as to his case, attorney error is not an extraordinary circumstance warranting equitable tolling.  See Lawrence, 127 S.Ct. at 1085.  Nor is excusable neglect.  See Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159 (3d Cir.1999).

became final.  See State v. Conover, 196 N.J. 598 (2008) (table). As stated in Pace v. DiGuglielmo,

> [P]etitioner waited years, without any valid justification, to assert these claims in his . . . PCRA petition.  Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal.  And not only did petitioner sit on his rights for years *before* he filed his PCRA petition, but he also sat on them for five more months *after* his PCRA proceedings became final before deciding to seek relief in federal court. Under long-established principles, petitioner's lack of diligence precludes equity's operation.

Pace, 544 U.S. at 419 (citations and footnotes omitted).

The face of the Petition shows that Petitioner was not prevented from asserting claims by extraordinary circumstances, and he did not exercise reasonable diligence.  Thus, equitable tolling of the statute of limitations for over five years is not available.  And given this long delay and the fact that most, if not all, of Petitioner's substantive grounds are admittedly unexhausted, the interests of justice would not be better served by addressing the merits.  See Day, 547 U.S. at 210.  This Court will dismiss the Petition as time-barred.

This Court, however, cannot rule out the possibility that Petitioner might have valid grounds for statutory or equitable tolling, and might wish to raise them to show the timeliness of the Petition, i.e., to account for the periods from July 13, 1999, through 2004 (when he filed a petition for post-conviction relief), and October 23, 2008, through February 17, 2009 (when he signed

11

this § 2254 Petition).  See Day, 547 U.S. at 210 (before acting on timeliness of petition on own initiative, court must accord Petitioner fair notice and opportunity to present position); Tozer v. Powers, No. 08-2432 (RMB) order dismissing pet. (D.N.J., June 30, 2008), COA denied, C.A. No. 08-3259 (3d Cir. Dec. 11, 2008).  This Court will accordingly grant Petitioner thirty days to file a written statement which sets forth detailed tolling arguments not considered in this Opinion, or otherwise presents an argument that the Petition is timely.

## C.    Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This Court denies a certificate of appealability because jurists of reason would not

find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

    s/ Mary L. Cooper    
**MARY L. COOPER**
United States District Judge

Dated:    May 15, 2009